AO 432
(Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | | | PAGE NUMBER | |
|---|---|---|---|---|---|---|
| April 27, 2007 | 07-85M | Watson | | | | |
| NAME OF WITNESS | | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
| Special agent Veronica Hnat | | 7:55a | 7:58a | 8:09a | | MPT |
| | | | | | | |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| Gov't 1 | Criminal Complaint | | Y |

AO 91 (Rev. 12/93) Criminal Complaint



GOVERNMENT EXHIBIT 1

**In United States District Court**
**For the District of Delaware**

UNITED STATES OF AMERICA

v.

WADE GRAY,
    Defendant.

Criminal Complaint

CASE NUMBER: 07- 85M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 24, 2007 in the District of Delaware, Defendant WADE GRAY did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ___18___ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                   Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Veronica Hnat
Special Agent, ATF

Sworn to before me and subscribed in my presence,

April 25, 2007                     at    Wilmington, DE
Date                                        City and State

Honorable Mary Pat Thynge
United States Magistrate Judge        _____
Name & Title of Judicial Officer         Signature of Judicial Officer

I, Veronica M. Hnat, being duly sworn, state as follows:

1. Your Affiant is a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and has been so employed for over seventeen years. During that time, Your Affiant's duties have included the investigation of firearms offenses at both the state and federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. The primary focus of the Operation Disarm Task Force is the investigation of federal and state firearms offenses. During the course of Your Affiant's law enforcement career, Your Affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your Affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. Your Affiant has also had over one hundred conversations with police officers and federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1989.

2. Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on April 24, 2007, in the City of Wilmington, State and District of Delaware, as stated to Your Affiant by a Wilmington Police Department (WPD) detective (hereinafter, "Detective 1") who has personal knowledge of the stated facts, has been employed as a WPD officer for approximately 10 years, and has made numerous arrests for firearms violations. Detective 1 advised Your Affiant of the information in paragraphs 3-6 of this affidavit.

4. On April 24, 2007, at approximately 1200 hours, Detective 1was investigating a shooting that occurred on April 21, 2007, in the area of Elm and South Van Buren Streets, Wilmington, Delaware. On April 24, 2007, Detective 1 and another WPD detective went to the area of Elm and South Van Buren to try and identify the shooters. While in the area, Detective 1 noticed three individuals on Elm and South Van Buren Streets. Once the three individuals saw the car in which the WPD detectives were riding, they started to walk away and the group split up. The WPD detectives walked up to the defendant, WADE GRAY, who was one of the individuals that was heading South on Van Buren, and identified themselves as WPD detectives. At this point, the defendant started to run away from the detectives.

5. A short foot pursuit ensued and the defendant was apprehended in the rear yard of a residence in the 400 block of South Van Buren, Wilmington, Delaware. The defendant stated that he dumped a gun in the alley and he wanted to talk. Detective 1 recovered a firearm – an Armi Tanfoglio Giuseppe, Model 27, .25 caliber pistol, serial number MK21590, which was not loaded (hereinafter, the "seized firearm") – from the area the defendant described.

6. The defendant was transported back to the WPD station. Detective 1 read Miranda warnings to the defendant and the defendant waived his rights. Among other things, the defendant

essentially stated to Detective 1 that he ran from the police because he had a gun, which he described as a .25 caliber.

7. Your Affiant reviewed the computer criminal history information for the defendant from the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Felon in Possession of a Firearm from on or about January 11, 2007, in the Halifax County Superior Court for the State of North Carolina, a crime punishable by imprisonment for a term exceeding one year.

8. From Your Affiant's training and experience, and from prior discussions with ATF agents who are expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant knows that the seized firearm was manufactured in a state other than Delaware and, therefore, that its possession in Delaware necessarily required it previously crossed state. Accordingly, Your Affiant believes that possession of the seized firearm in Delaware affected interstate commerce.

9. Your Affiant inspected the seized firearm. Based upon Your affiant's training and experience, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

10. Wherefore, based upon Your Affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. §§ 922(g) and 924(a)(2) by possessing, in and affecting interstate commerce a firearm, after having previously been convicted of a felony, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Veronica M. Hnat
Special Agent, ATF

Sworn to and subscribed in my presence
this 25th day of April, 2007

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware